COMISION REGULADORA DEL MERCADO DE HENEQUEN, Appellant, *v.* NICHOLAS ESCALANTE BATES, Respondent, Impleaded with F. BRADLEY COX and VICTOR A. RENDON, Defendants.

First Department, April 4, 1919.

**Pleading — complaint in action against employees of plaintiff and another to recover damages for conspiracy to defraud — joinder of causes of action.**

A complaint in an action by a foreign corporation with an office in this State, alleging that its general attorney and its general agent and an intimate friend and business associate of the latter, the defendants herein, " wickedly intending and contriving to defraud the plaintiff and to make for themselves large and unlawful gains and profits at the expense of the plaintiff, entered into a joint conspiracy for the doing of the several acts hereinafter more particularly set forth; " and setting forth in four separate paragraphs the specific manner in which the defendants " in pursuance of said conspiracy " and in violation of their duty, participated in each of the alleged overt acts and profited from the result thereof, examined, and *held,* to state a single cause of action for damages.

APPEAL by the plaintiff, Comision Reguladora Del Mercado de Henequen, from an interlocutory judgment of the Supreme Court in favor of the respondent, entered in the office of the clerk of the county of New York on the 6th day of December, 1918, sustaining a demurrer to the complaint.

*Otto C. Wierum, Jr.,* of counsel [*Spencer, Ordway, Lloyd & Wierum,* attorneys], for the appellant.

*Siegfried F. Hartman* of counsel [*Stanchfield & Levy,* attorneys], for the respondent.

MERRELL, J.:

This is an appeal by the plaintiff, Comision Reguladora Del Mercado de Henequen, from an interlocutory judgment sustaining the demurrer of the defendant Nicholas Escalante Bates to the complaint herein.

The action is to recover the sum of $600,000 damages alleged to have been sustained by the plaintiff by reason of a conspiracy between the demurring defendant, Nicholas Escalante Bates, and two others, F. Bradley Cox and Victor A. Rendon.

The complaint first alleges that the plaintiff is a body politic and corporate, having no capital stock, and having been created by and existing under the laws of the State of Yucatan in the Republic of Mexico, with an office in the city and county of New York.  The complaint further alleges that between the 1st day of September, 1915, and the 9th day of October, 1916, the defendant Victor A. Rendon was the general attorney in fact of the plaintiff in the United States, and during the same period the said Nicholas Escalante Bates was the plaintiff's general agent in charge of its office in the United States, under the general supervision of the defendant Rendon.  The complaint then contains an allegation that the plaintiff's business consisted of selling in the markets of the United States a certain fiber known as sisal, produced in the State of Yucatan, and used extensively in the United States in the manufacture of twine.  The plaintiff further alleges, on information and belief, that the defendant F. Bradley Cox was an intimate friend and business associate of the defendant Bates and was connected with said Bates in one or more business enterprises; that " at some time prior to the 8th day of March, 1916, the defendants wickedly intending and contriving to defraud the plaintiff and to make for themselves large and unlawful gains and profits at the expense of the plaintiff, entered into a joint conspiracy for the doing of the several acts hereinafter more particularly set forth."  The complaint then follows with allegations in the 5th, 6th, 7th and 8th paragraphs thereof showing that in pursuance of such conspiracy the said defendants, in the city, county and State of New York, entered into and evolved certain schemes for their enrichment at the expense and to the damage of said plaintiff.

By the 5th paragraph of the complaint it is alleged that the defendants, " in pursuance of said conspiracy," caused to be organized a corporation known as Lent Brokerage Company, Inc., with a capital stock of $5,000, of which only $500 was paid in in cash prior to the making of the contract thereinafter described; that the defendant F. Bradley Cox was made the secretary and treasurer of said corporation; that immediately after its organization the defendants Rendon and Bates, purporting to act on behalf of and in the name

of the plaintiff, entered into a contract with said Lent Brokerage Company for pretended services to be rendered by said company in inspecting and grading hemp imported into the United States, under the terms of which contract said Lent Brokerage Company was to receive from the plaintiff in one year for such pretended services upwards of $200,000, besides allowances for pretended expenses exceeding $10,000, and other sums of money, and that said sums of money were so paid, and that the object of the formation of said corporation and of the making of the said contract and the payments of money thereunder was to secure to the defendants, through the medium of said corporation, and that thereby the defendants did secure, large and unreasonable and unlawful gains and profits at the expense of the plaintiff.

By the 6th paragraph of said complaint the plaintiff alleges that in or about the month of May, 1916, the defendants Rendon and Bates, " in pursuance of said conspiracy," purchased or contracted to purchase in the name of and with the funds of plaintiff 10,000,000 cartridges at the price of $43 per 1,000; that the defendants represented to plaintiff that such cartridges were to be purchased from the manufacturers thereof and on exceptionally favorable terms; that as a matter of fact the defendants purchased said cartridges of the defendant F. Bradley Cox, who was not a manufacturer of cartridges, but who obtained the same or portions thereof from various sources and paid for the same with moneys furnished by the defendants Rendon and Bates from the funds of the plaintiff, at the rate of $38 per 1,000; and that as a part of said pretended cartridge deal and in further pursuance of said conspiracy the defendants Rendon and Bates deposited from plaintiff's moneys in the Battery Park National Bank the sum of $50,000 as pretended security for the performance by plaintiff of said contract on its part; that said Cox only delivered 6,000,000 cartridges on account of said contract, and collected from the plaintiff the sum of $258,000 at said price therefor, which included a profit of $40,000; that the plaintiff performed on its part every requirement and condition of said contract, but that notwithstanding that, the defendant Cox on November 13, 1916, falsely pretending that he had fully performed the conditions of said

contract for the delivery of said 10,000,000 cartridges, and that the plaintiff had failed to perform the conditions thereof on its part, wrongfully procured and induced the said Battery Park National Bank to pay over to him out of said deposit of $50,000 the sum of $25,000; that the said purchase and sale of cartridges, and the forfeiture and payment of said $25,000, was made, consented to, procured and made possible by the defendants in pursuance of said conspiracy, and for the purpose of their own enrichment at plaintiff's expense, and in disregard and violation of the duty owed by said Rendon and Bates to the plaintiff.

In the 7th paragraph of plaintiff's complaint another overt act on the part of said conspirators is set forth. It is therein alleged, on information and belief, that on or about June 9, 1916, " pursuant to the conspiracy aforesaid," the defendants Rendon and Bates, in the name and with the funds of the plaintiff, purchased of their co-conspirator, the defendant F. Bradley Cox, 250,418 bushels of corn for the sum of $258,549.65; that said corn, to the knowledge of the defendants, was of very poor quality and was not worth the sum so paid; that the same was poorly packed and inclosed in old, rotten, worn-out and imperfect bags, so that large quantities thereof were lost and damaged in shipment, loading and unloading; that such transaction and sale to plaintiff was made for the purpose of securing for the defendants large gains and profits at plaintiff's expense and in disregard of the duty owed by the defendants Rendon and Bates to the plaintiff.

By the 8th paragraph of the complaint the plaintiff further alleges, on information and belief, that on or about June 26, 1916, pursuant to such conspiracy, the defendants Rendon and Bates sold and delivered to the defendant Cox, who falsely pretended to represent a Canadian syndicate, 33,194 bales of sisal hemp at the price of seven and three-eighths cents per pound, the total purchase price amounting to $884,351.34, and that on July 4, 1916, the defendants in furtherance of said conspiracy, caused to be organized a corporation entitled United States Trading Company, with a capital stock of $10,000, and the defendant Cox assigned to said corporation forthwith his pretended contract with the plaintiff for the purchase of said 33,194 bales of sisal; that the

said Rendon and Bates, in furtherance of said conspiracy and in order to enable the defendant Cox to procure money with which to make payment of a portion of the purchase price, caused certain warehouse receipts to be issued to the said United States Trading Company and policies of fire insurance upon the said sisal to be transferred to said corporation. The said defendants Rendon and Bates had, prior to said June 26, 1916, received instructions from plaintiff not to sell the said sisal for less than ten cents per pound; and that in fact the market price and value of said commodity on said date was not less than said sum of ten cents per pound; that on July 12, 1916, the defendant Cox, in the name of said United States Trading Company, sold said sisal in one lot for the sum of nine and three-fourths cents a pound, thereby realizing a profit of $305,000 on said deal; that said sale of sisal was made in pursuance of said conspiracy and for the purpose of enriching the defendants at plaintiff's expense, in disregard of the duty owed by the defendants Rendon and Bates to plaintiff.

Upon said allegations the plaintiff demands judgment under its complaint against the defendants for the sum of $600,000, damages claimed to have been suffered by plaintiff.

To the complaint the defendant Nicholas Escalante Bates demurred upon the ground of want of jurisdiction of the subject of the action; lack of legal capacity in the plaintiff to sue; that causes of action were improperly united in the complaint, and that the complaint did not set forth facts sufficient to constitute a cause of action. The said defendant also demurred to the alleged cause of action set forth in each of the separate paragraphs of plaintiff's complaint numbered 5, 6, 7 and 8.

At Special Term the demurrer of the defendant was sustained upon the sole ground of demurrer that causes of action were improperly united in plaintiff's said complaint, and an interlocutory judgment entered in accordance therewith.

It seems to me that the court was clearly in error in holding as it did that the complaint stated more than one cause of action. The sole cause of action set forth in the plaintiff's complaint was to recover for the conspiracy entered into

by the defendants whereby said defendants conspired together and by so doing had wronged the plaintiff. The complaint sufficiently alleges that the defendants intending and contriving to defraud the plaintiff and to make for themselves large and unlawful gains and profits at plaintiff's expense, entered into a joint conspiracy for doing the several things which are specifically set forth in the complaint. The various acts and misconduct of the agents of the plaintiff, conspiring together in concert with the defendant Cox, were simply overt acts of the said conspirators growing out of and the result of the conspiracy into which the three defendants had entered. Unquestionably either of the four transactions through which these defendants enriched themselves at plaintiff's expense, would have been sufficient to constitute a cause of action in plaintiff's favor against the defendants. The plaintiff could not maintain the action against the defendants jointly without proof of the conspiracy between these three defendants, and the various overt acts set forth in plaintiff's complaint flowed from and were made possible by the compact of these three defendants for the very purpose of obtaining illegally plaintiff's moneys through and by means of said overt acts. The allegations of the complaint are entirely sufficient to show that all three of these defendants participated in each of said overt acts, and that each of said conspirators profited from the result thereof. While it is true that the mere conspiracy itself created no cause of action, yet when it is shown that the conspirators enriched themselves as the result of and flowing from the compact into which they had entered for the very purpose of defrauding the plaintiff, there is no good reason for saying that recovery for the various overt acts growing out of said conspiracy cannot be had in one action. It is expressly alleged in plaintiff's complaint that " the defendants wickedly intending and contriving to defraud the plaintiff and to make for themselves large and unlawful gains and profits at the expense of the plaintiff, entered into a joint conspiracy for the doing of the several acts hereinafter more particularly set forth." Thereupon follow allegations of the four different acts on the part of said defendants in furtherance of and flowing from said conspiracy whereby the plaintiff suffered damages in the

alleged sum for which judgment was demanded. I think nothing can be clearer from the form of plaintiff's complaint than that there was a single cause of action alleged against said conspiring defendants, to wit, an action for damages for conspiracy resulting from the conduct of these defendants acting together pursuant to a compact which they had formed for the purpose of robbing the plaintiff. I think the court properly held the plaintiff's complaint good as to the other grounds stated in defendant's demurrer.

The interlocutory judgment sustaining defendant's demurrer should be reversed, with costs, and said demurrer overruled, with costs, with leave to defendant to withdraw the demurrer and to answer on payment of said costs.

CLARKE, P. J., LAUGHLIN, PAGE and SHEARN, JJ., concurred.

Judgment reversed, with costs, and demurrer overruled, with costs, with leave to defendant to withdraw demurrer and to answer on payment of said costs.